OPINION
Appellant, Lesa May Wilburn, appeals the decision of the Portage County Court of Common Pleas, Domestic Relations Division, in favor of appellee, James Randall Wilburn.
Appellant, Lesa May Wilburn and appellee, James Randall Wilburn were married on August 16, 1986. One child, Marissa, d.o.b. May 11, 1993, was born as issue of the marriage.
On May 5, 1998, appellee filed a complaint for divorce. Both, appellant and appellee asked for shared parenting and each submitted a shared parenting plan.
On December 7, 1998, a hearing was had. Appellant admitted having a sexual relationship with her next door neighbor, Peggy Ervine ("Peggy"), and that she was spending nights with Peggy and leaving the child, Marissa, with appellee, father. Appellee objected to appellant's relationship with Peggy.
Appellant stated that Peggy was getting a divorce from her husband, John Ervine.
There also was testimony that appellant had smoked marijuana in front of her daughter, that appellant's consumption of alcohol was excessive, and that appellant would inappropriately scream and yell at Marissa.
The record further shows that appellee, father, attended a twelve-week seminar in parenting skills, and appellant, mother, refused to attend.
On December 28, 1998, appellee was granted a divorce on grounds of incompatibility and was designated to be the primary residential caregiver and legal custodian of Marissa. Appellant was awarded the standard order of visitation and companionship rights and was ordered to pay child support in the amount of $291 per month, plus two percent poundage.
Appellant timely filed the instant appeal and raises the following errors:
 "[1.] The trial court erred as a matter of law in failing to issue findings of facts and conclusions of law as required by ORC § 3109.04(D)(1)(a)(ii), (iii). [sic]
 "[2.] The trial court's decision granting custody of the parties' minor child to Appellee is not supported by the evidence, is against the manifest weight of the evidence and constitutes an abuse of the court's discretion. [sic]
 "[3.] The trial court erred as a matter of law by failing to follow the mandates of ORC § 3109.04(F)(1). [sic]
 "[4.] The trial court erred in an abuse of discretion by impermissibly allowing moral conduct testimony which was not limited to adverse affects upon the minor child." [sic]
In the first assignment of error, appellant claims that the trial court committed prejudicial error by failing to enter findings of fact and conclusions of law on the record regarding the shared parenting plans submitted by each party.
R.C. 3109.04(D)(1)(a)(ii) governs court action in situations where "each parent makes a request in his pleadings or files a motion and each also files his own separate [shared parenting] plan." In those situations, "the court shall review each plan filed to determine if either is in the best interest of the children." R.C. 3109.04(D)(1)(a)(ii). That provision further states:
 "* * * If the court approves a plan under this division, either as originally filed or with submitted changes, or if the court rejects the portion of the parents' pleadings or denies their motions requesting shared parenting under this division and proceeds as if the requests in the pleading or the motions had not been made, the court shall enter in the record of the case findings of fact and conclusions of law as to the reasons for the approval or the rejection or denial. * * *" (Emphasis added.)
In the instant matter, appellant filed a motion for shared parenting on November 16, 1998, while appellee submitted an amended shared parenting motion on October 2, 1998. At the December 7, 1998 hearing, the trial court issued a judgment entry granting appellee a decree of divorce and ordering rights of companionship and shared parenting pursuant to the "standard" visitation schedule under R.C. 3109.05 and Local Rule 12(C). As evidenced by the record, the trial court's order for "standard" shared parenting represented a denial of each parties' plan. The trial court proceeded on the issue of allocation of parental rights completely ignoring both plans. Consequently, the instant factual situation falls within the parameters of R.C.3109.04(D)(1)(a)(ii).
Pursuant to R.C. 3109.04(D)(1)(a)(ii), the trial court was required to enter on the record findings of fact and conclusions of law as to the reasons for its denial of both shared parenting plans. In this case, the lower court failed to make such findings and conclusions on the record. Therefore, the judgment of the trial court must be reversed and the case remanded for findings of fact and conclusions of law to be entered into the record in conformity with R.C. 3109.04. Thus, appellant's first assignment of error is meritorious.
Due to the resolution of appellant's first assignment of error, the second, third, and fourth assignments of error are rendered moot.
For the foregoing reasons, the judgment of the Portage County Court of Common Pleas, Domestic Relations Division, is reversed and the case is hereby remanded for proceedings consistent with this opinion.
 ____________________________________________________ JUDGE MARY CACIOPPO, Ret., Ninth Appellate District, sitting by assignment.
NADER, P.J., O'NEILL, J., concur.